THE PEOPLE OF THE STATE OF NEW YORK ex rel.
WILLIAM J. UNDERHILL, Under Sheriff of the County
of Orange, Respondent, v. STEPHEN W. FULLERTON,
County Judge of Orange County, Appellant.

*Judgments of courts-martial — review of.*

The legality of a judgment of a court-martial, where such court had jurisdiction
and power to render the same, cannot be reviewed upon a *habeas corpus*, issued
to procure the discharge of one committed to the county jail by virtue of an
execution issued thereon.

Appeal from an order made at Special Term, reversing on *certiorari* an order of the county judge of Orange county, discharging
one John O'Brien from the custody of the relator upon a *habeas
corpus* issued by the said judge.

*M. H. Hirschberg,* for the appellant.

*E. A. Brewster,* for the respondent.

Dykman, J.:

John O'Brien was a member of the nineteenth battalion of the
New York State National Guard, and on the 17th day of September, 1875, the colonel issued an order requiring the battalion to
assemble at the armory in the city of Newburgh, on the fifth day
of October, at ten o'clock in the forenoon, for the purpose of drill,
discipline, muster and inspection, and instruction in camp duties
and rifle practice, and to proceed by train to near Washingtonville,
and there remain in camp until the evening of October seventh,
each man to provide himself with rations for the time he would be
in camp, and also with necessary bedding, and at least one pair
of white gloves.    O'Brien disobeyed this order.    He was summoned
before a battalion court-martial, tried, found guilty, and sentenced
to pay a fine of nine dollars.    The warrant was issued for the collection of the fine or the imprisonment of the defendant, and in
default of payment the defendant was arrested and lodged in the
Orange county jail.    Thereupon a writ of *habeas corpus* was sued
out before the Hon. Stephen W. Fullerton, the county judge of
Orange county, who, after a final hearing, ordered the defendant

O'Brien to be discharged. The proceedings before the county judge were then brought into this court by *certiorari*, and the order made by the county judge was reversed by the order of a Special Term, and the case comes now to the General Term on appeal from that order.

There is no complaint of any irregularity in the proceedings of the court-martial, nor that the court was not properly constituted. This being so, the court had jurisdiction of the person of O'Brien, because he was a member of the battalion, and of the offense, because it was a military offense of disobedience of orders, and the fine was not in excess of what the law permits.

Under this state of facts we are met at the threshold of the case with the question, whether the legality of the order of the colonel which was disobeyed by O'Brien can be reviewed on proceedings by *habeas corpus*, or whether that must be done by appeal?

The jurisdiction of courts-martial is limited, but they are courts, nevertheless, within the meaning of the Constitution, and so long as they act within the scope of their powers, their proceedings and judgments are as valid and effectual as those of any other tribunal. They are instituted for the trial of offenses against the military law, committed by persons who are amenable to its mandates, but have no power or authority over other members of the body politic. By the act of enlistment into the military service, a person submits himself to all the requirements, rules or regulations of the military law, and among these is the authority to try such enlisted persons for all breaches of military duty. The breach with which O'Brien was charged in this case was absence from parade and encampment. In his defense he pleaded that the order of the colonel, which he disobeyed, was one which that officer had no authority to make. The court found against him on that question, and found him guilty of the offense charged, and imposed upon him the penalty prescribed by the Military Code of the State in such cases.

We thus have two propositions clearly established : First, that the court-martial had power to try O'Brien for the offense with which he was charged, and was entirely competent to inflict the punishment which was imposed upon him. In other words, the judgment was one which the court had jurisdiction and power to render. Now, suppose the court fell into an error in deciding the legal ques-

tion raised against O'Brien, can that error be corrected by *habeas corpus ?*

The twenty-second section of our *habeas corpus* act provides that persons committed or detained by virtue of the final judgment or decree of any competent tribunal of civil or criminal jurisdiction, or by virtue of any execution issued upon such judgment or decree, shall not be entitled to prosecute such a writ, and the forty-second section provides that no court or officer, on the return of any *habeas corpus* or *certiorari* issued under this article, shall have power to inquire into the legality or justice of any process, judgment, decree or execution specified in the preceding twenty-second section, that is, the judgment or decree of any competent tribunal of civil or criminal jurisdiction. Now, these provisions make it plain that we cannot make the writ of *habeas corpus* perform all the functions of a writ of error or of an appeal, and that the most that can be done, under it, is to determine whether the process or judgment complained of emanated from a court of competent jurisdiction, and whether the court had the legal and constitutional power to render such judgment or to issue such process. We cannot, under the writ, review the decision nor judgment nor process of a court of competent jurisdiction. There is nothing in Tweed's case, in the Court of Appeals, in conflict with this doctrine. The court there held that the court below had rendered a judgment beyond its competency; that the power of the court was exhausted by one sentence upon the prisoner, and that the other sentences were void, because the court had no power to impose them under any circumstances. All the court did in that case was to inquire into the legal and constitutional power of the court to do what was done, and it very expressly stated in that case that, if the judgment was erroneous merely, the court having given a wrong judgment when it had jurisdiction, relief can only be had by writ of error or other process of review.

We think these considerations show that the order of the Special Term must be affirmed, with costs and disbursements.

Present — BARNARD, P. J., and DYKMAN J.   GILBERT, J., not sitting.

Order affirmed, with costs and disbursements.